IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Ronald Atkins, | Civil Action No. 6:11-2262-MBS-KFM |
| Plaintiff, | |
| vs. | **REPORT OF MAGISTRATE JUDGE** |
| Phillip Thompson, Sheriff of Horry County, | |
| Defendant. | |

The plaintiff, appearing *pro se*, brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. He contends that he is being illegally detained at the J. Reuben Long Detention Center in Horry County.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On October 17, 2011, the defendant[1] filed a motion for summary judgment. By order of this court that same day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. The plaintiff's response was due on or before November 21, 2011. The plaintiff did not file a response.

---

[1] Phillip Thompson, the Sheriff of Horry County, is the only defendant in this action. The plaintiff did not provide Forms USM-285 and summonses for the other defendants named in the complaint, and thus those defendants were terminated by order of this court filed September 12, 2011 (doc. 8).

The court filed a second order on December 12, 2011, giving the plaintiff through January 9, 2012, to file his response to the motion for summary judgment. The plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. The plaintiff did not file a response. The order was returned to the court as undeliverable on December 22, 2011, with the notation "REFUSED" and "Inmate Not In Jail" marked on the envelope.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, the plaintiff was ordered to keep the court advised of any address change (doc. 8). He has not done so. It is solely through the plaintiff's neglect that no response has been filed. Meanwhile, the defendant is left to wonder when the action will be resolved. The plaintiff has not responded to the defendant's motion for summary judgment or the court's orders requiring him to respond. Accordingly, the undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). *See Ballard*, 882 F.2d at 95.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

February 6, 2012
Greenville, South Carolina