IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald Atkins, ) | |
| ) | C/A No. 6:11-2262-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Phillip Thompson, Sheriff of Horry ) | |
| County; Horry County; J. Reuben Long ) | |
| Detention Center and the entire staff, et al., ) | |
| individual and official capacity, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

At the time of filing of this action, Plaintiff Ronald Atkins was detained at the J. Reuben Long Detention Center in Conway, South Carolina. Plaintiff, proceeding pro se, alleges that he is being illegally detained at the Detention Center because his sentence has expired. Plaintiff seeks a release and $800,000 in compensatory damages. Plaintiff brings the within action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling. On September 12, 2011, the Magistrate Judge issued an order directing Plaintiff to notify the Clerk of Court in writing of any change in address. Plaintiff was apprised that if he failed to comply with the Magistrate Judge's September 12, 2011 order, his case was subject to dismissal.

On October 17, 2011, Defendants filed a motion for summary judgment. By order filed October 17, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Plaintiff filed no response to Defendants' motion. On December 12, 2011, the Magistrate Judge issued an order granting Plaintiff through January 9, 2012, to file his response to

the motion for summary judgment. A copy of the order was sent to Plaintiff at his last known address at the J. Reuben Long Detention Center. On December 22, 2011, the envelope containing Plaintiff's copy of the Magistrate Judge's order was returned to the Office of the Clerk of Court, marked "RETURN TO SENDER - INMATE NOT IN JAIL."

On February 6, 2012, the Magistrate Judge issued a Report and Recommendation in which he recommended that the complaint be dismissed, with prejudice, for failure to prosecute. See Fed. R. Civ. P. 41(b). The envelope containing Plaintiff's copy of the Report and Recommendation was returned to the Clerk of Court on February 14, 2012, marked "RETURN TO SENDER - INMATE NOT IN JAIL."

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff was instructed by order filed September 12, 2011 to keep the Clerk of Court advised in writing if his addressed changed for any reason. Plaintiff was informed that his case could be dismissed for failing to comply with the September 12, 2011 order. Nevertheless, Plaintiff has provided the court with no change of address. In addition, Plaintiff failed to respond in opposition to Defendants' motion for summary judgment. It appears that Plaintiff no longer wishes to pursue

this action. The court concurs in the recommendation of the Magistrate Judge that the case be dismissed. The within action is dismissed with prejudice pursuant to Rule 41(b).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina

February 29, 2012

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**